No. 4985.

(Court of Appeal, Parish of Orleans.)

## W. J. LEMP BREWING COMPANY vs. C. C. ANDERSON.

S. F. Gautier for plaintiff and appellee.

H. W. Robinson, Buck, Walshe & Buck and E. M. Stafford for defendant and appellant.

GODCHAUX, J.—It is not only conceded, but apparent from the record in this case that the sole question to be determined is whether a certain fund garnisheed by plaintiff, a judgment creditor under a fi fa directed against the defendant, its judgment debtor, shall be paid or awarded to plaintiff or to one who claims the fund under an assignment from the judgment debtor executed prior to the garnishment, when it appears that notice of the assignment was not given to the garnishee until after the garnishment process had been served upon him.

The lower Court held that the assignment was not complete, as against the seizing judgment creditor, until the garnishee, the holder of the fund, was duly notified of the assignment, and gave judgment in favor of the judgment creditor, from which judgment the assignee of the fund appeals.

This judgment must be affirmed. The seizing creditor is a third person and it is well settled that, as to the latter transfer of a debt can have no effect only from the date of notification of the transfer to the debtor. Until such notification the debt can be attached and held as the property of the original creditor, notwithstanding the trans-fer.

> Relf & Co. vs. Boro, 17 An. 258; Golson & Co. vs. Powell, 32 An. 521; Jack vs. Harriston & Co., 34 An. 736; Bernard vs. Whitney National Bank, 43 An. 50; Newman vs. Irwin, 43 An. 1114; R. Civil Code, 2643.

The judgment awarding the fund to plaintiff, the seizing creditor, and rejecting the claim thereto of the appellant, as assignee thereof, is correct, and it is accordingly affirmed.

Judgment affirmed.